UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA HANNA, Derivatively on Behalf of MOMENTUS INC. (F/K/A STABLE ROAD ACQUISITION CORP.), <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN KABOT, JUAN MANUEL QUIROGA, JAMES NORRIS, JAMES HOFMOCKEL, MIKHAIL KOKORICH, DAWN HARMS, FRED KENNEDY, CHRIS HADFIELD, MITCHEL B. KUGLER, VICTORINO MERCADO, KIMBERLEY A. REED, LINDA J. REINERS, JOHN C. ROOD, STABLE ROAD ACQUISITION CORP., and SRC-NI HOLDINGS, LLC, <br><br> Defendants, <br><br> and <br><br> MOMENTUS INC. (F/K/A STABLE ROAD ACQUISITION CORP.), <br><br> Nominal Defendant. | Case No. 5:23-CV-00374 <br><br> **[PROPOSED] PRELIMINARY APPROVAL ORDER** |

1    This matter came before the Court on Plaintiffs' unopposed motion requesting that the Court enter an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims brought on behalf of Momentus, Inc. ("Momentus" or the "Company") in accordance with the Stipulation and Agreement of Settlement dated August 26, 2024 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement to Current Momentus Stockholders; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, which will resolve the above-captioned stockholder derivative action brought on behalf of Momentus (the "Hanna Action"), as well as resolution of the claims in the related Derivative Matters detailed in the Stipulation;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Momentus and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Current Momentus Stockholders should be apprised of the Settlement through the Parties' proposed form and means of notice; allowed to file objections, if any, thereto; and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.   This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2.   On [_____] [__], 2024, at [__]:00 [_].m., at San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, the Honorable Edward J. Davila will hold a hearing (the "Settlement Hearing") at which the Court will determine: (i) whether the terms of the

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

1. Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice, as set forth in **Exhibit C** to the Stipulation, and Summary Notice, as set forth in **Exhibit D** to the Stipulation, fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process; (iii) whether to enter the proposed Judgment in its entirety, as set forth in **Exhibit E** to the Stipulation; (iv) whether the agreed-to Fee and Expense Amount as well as the Service Awards should be approved; and (v) such other matters as the Court may deem appropriate.

3. The Court reserves the right to: (i) approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Current Momentus Stockholders; (ii) continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to Current Momentus Stockholders; and (iii) the right to conduct the Settlement Hearing remotely without further notice to Current Momentus Stockholders.

4. The Court finds that the form, substance, and dissemination of information to Current Momentus Stockholders regarding the proposed Settlement in the manner set out in this order ("Preliminary Approval Order"), including the Notice, as set forth in **Exhibit C** to the Stipulation, and Summary Notice, as set forth in **Exhibit D** to the Stipulation, constitutes the best notice practicable under the circumstances and complies with the Federal Rules of Civil Procedure and all other applicable law and due process.

5. Within **ten (10) days** after the entry of an order by the Court preliminarily approving the Settlement, the Company shall: (1) post a copy of the notice of settlement ("Notice") and the Stipulation (including exhibits thereto) on the Investor Relations page of the Company's website; (2) issue a press release with the Summary Notice on *GlobeNewswire*; and (3) file with the U.S. Securities and Exchange Commission ("SEC") the Notice and Stipulation (including exhibits thereto) as exhibits to a Form 8-K with the SEC. The Notice and Summary Notice shall provide a link to the Investor Relations page on the Company's website where the Notice and Stipulation (including exhibits thereto) may be viewed, which page will be maintained through the date of the final settlement hearing.

6. All costs incurred in the posting, filing, and publishing of the notice of the Settlement as provided in paragraph 5 above shall be paid by Momentus, and Momentus shall undertake all administrative responsibility for the posting, filing, and publishing of such notice of the Settlement.

7. Within **twenty (20) days** after the entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court a declaration with respect to the posting, filing, and publishing of the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8. Pending final determination as to whether the Settlement should be approved, Plaintiffs, Current Momentus Stockholders, and any other of Plaintiffs' Releasees, and anyone who acts or purports to act on their behalf, are barred and enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (including a motion or complaint in intervention in any such action or proceeding if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to Defendants' Releasees based on or relating in any way to Plaintiffs' Released Claims.

9. Current Momentus Stockholders who wish to object to the fairness, reasonableness or adequacy of the Settlement or to any term(s) of the Settlement must both serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a statement of objection, which must be received by no later than [_____] [__], 2024 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order). Any Current Momentus Stockholder may object on his, her or its own, or through counsel hired at his, her or its own expense. Any Current Momentus Stockholder's objection should set out the specific reasons, if any, for each objection, including any legal support the Current Momentus Stockholder wishes to bring to the Court's attention and any evidence the Current Momentus Stockholder wishes to introduce in support of such objections. The statement of objection must include the caption of the Hanna Action and the following information: (i) the

Current Momentus Stockholder's name, address, telephone number and e-mail address (if available); (ii) the number of shares of Momentus stock the Current Momentus Stockholder currently holds, together with third-party documentary evidence, such as the most recent account statement, showing such share ownership, and proof of being a current Momentus stockholder as of August 26, 2024, through the present, (iii) if the objection is made through the Current Momentus Stockholder's counsel, that counsel's name, address, telephone number and e-mail address; (iv) a statement of specific objections to the Settlement, the grounds therefor, or the reasons for such Person desiring to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (v) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony; and (vi) a list – including dates, courts, case names and numbers, and disposition – of any other Settlements to which the individual or entity has objected during the previous seven (7) years.

10. Any attorney retained by a Current Momentus Stockholder for the purpose of objecting must both serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of appearance, which must be received by no later than [_____] [__], 2024 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).

11. A Current Momentus Stockholder who wishes to object to the proposed Settlement does not need to attend the Settlement Hearing. However, any Current Momentus Stockholder who files and serves a timely written objection pursuant to this Preliminary Approval Order – and only such Current Momentus Stockholders – may appear at the Settlement Hearing either in person or through personal counsel retained at his, her or its own expense. Any Current Momentus Stockholder's counsel who intends to make an appearance at the Settlement Hearing must serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of intention to appear, which must be received by no later than [_____] [__], 2024 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).

12. Any submissions made pursuant to paragraphs 9 through 11 of this Preliminary Approval Order must be (i) sent or delivered to the following addresses:

    a. The Court:

        Clerk of Court
        U.S. District Court for the Northern District of California
        450 Golden Gate Avenue, Box 36060
        San Francisco, CA 94102-3489

    b. Hanna Action Plaintiffs' Counsel:

        Brett M. Middleton
        Jonathan M. Scott
        **JOHNSON FISTEL, LLP**
        501 West Broadway, Suite 800
        San Diego, CA 92101
        Telephone: (619) 230-0063
        Email: brettm@johnsonfistel.com
                jonathans@johnsonfistel.com

    c. Defendants' Counsel:

        Charles E. Elder
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        1221 Broadway, Suite 2400
        Nashville, Tennessee 37203
        Telephone: (615) 244-2582
        Email: celder@bradley.com

        Christopher Esbrook
        David F. Pustilnik
        Kirk Watkins
        **ESBROOK P.C.**
        321 Clark Street, Suite 1930
        Chicago, IL 60654
        Telephone: (312) 319-7680
        Email: christopher.esbrook@esbrook.com
                david.pustilnik@esbrook.com
                kirk.watkins@esbrook.com

        Jeffrey L. Steinfeld
        **WINSTON & STRAWN LLP**
        333 South Grand Avenue, 38th Floor
        Los Angeles, CA 90071
        Telephone: (213) 615-1700
        Email: jlsteinfeld@winston.com

William E. Stoner
**STONER CARLSON LLP**
301 E. Colorado Boulevard, Suite 320
Pasadena, California 91101
Telephone: (213) 687-2640
Email: wstoner@stonercarlson.com

13. Counsel for the Settling Parties are directed to promptly inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 8 through 10 of this Preliminary Approval Order.

14. Any Current Momentus Stockholder who fails to comply with the requirements of this Preliminary Approval Order shall waive and forfeit any and all rights he, she or it may otherwise have to object and/or to appear separately at the Settlement Hearing. Current Momentus Stockholders do not need to appear at the hearing or take any other action to indicate their approval of the Stipulation.

15. Any Current Momentus Stockholder who submits an objection to the Stipulation shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

16. The Settling Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed settlement as follows:

   a. Any motions for final approval of the proposed Settlement and motions for Plaintiffs' Counsel's Fee and Expense Amount must be filed and served at least thirty-five (35) days before the date of the Settlement Hearing as initially set by the Court in this Preliminary Approval Order; and

   b. Any papers in response to objections must be filed and served at least fourteen (14) days before the date of the Settlement Hearing as initially set by the Court in this Preliminary Approval Order.

17. All proceedings in the Hanna Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

18. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current Momentus Stockholders.

19. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Settling Parties or Released Persons, or of the validity or infirmity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein. The Settling Parties may, however, submit a copy of this Preliminary Approval Order to the courts in the Rivlin Action and the Lindsey Action to keep those courts informed as to the Settlement-related proceedings.

20. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current Momentus Stockholders. Any Current Momentus Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investors Relations page of Momentus' website for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Momentus Stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement, except as to those matters specifically referred to the Mediator in the Stipulation.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE EDWARD J. DAVILA

[PROPOSED] PRELIMINARY APPROVAL ORDER
Case No. 5:23-CV-00374